# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2017

Lyle W. Cayce
Clerk

LYNN HENTON,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, Individual capacity; LORIE DAVIS, Professional capacity; HERMAN WESTON, JR.; RICHARD D. WALTON; UNKNOWN MARSHALL; CAPTAIN CARL N. BURSON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-345

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Lynn Henton, Texas prisoner # 694606, has filed this interlocutory appeal in his 42 U.S.C. § 1983 action to challenge the district court's denial of his motion for a preliminary injunction. Henton argues that he is entitled to a preliminary injunction as to each of the following claims: (1) the "no-talking" policy; (2) the grooming policy; (3) the conditions of confinement; (4) the access

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41185

to legal materials and the courts; (5) the indigent mail policy; (6) prisoner "compensation" for work performed; and (7) the physical condition of the correctional officers.

We review a district court's denial of a preliminary injunction for abuse of discretion. *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes (1) a "substantial likelihood" that he will succeed on the merits, (2) a substantial threat that he will be irreparably injured if the injunction does not issue, (3) that the threatened injury outweighs any harm resulting from the grant of the injunction, and (4) that the injunction "will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). The movant carries "'a heavy burden of persuading the district court that all four elements are satisfied,'" and failure to carry the burden on any one of the elements will result in a denial of injunctive relief. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citation omitted). Henton has not made the showing required for injunctive relief with respect to any of his claims.

In addition, Henton appeals the district court denial of his motion for class certification. We decline to exercise our discretion to permit the appeal. FED. R. CIV. P. 23(f).

AFFIRMED.